UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHEY SOLIMAN, | No. 1:26-cv-02465-DAD-SCR |
| Petitioner, | |
| v. | ORDER DENYING RESPONDENT'S EMERGENCY MOTION TO LIFT STAY OF TRANSFER |
| WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, | |
| Respondent. | (Doc. No. 7) |

This matter is before the court on respondent's motion (Doc. No. 7) to lift the assigned magistrate judge's April 2, 2026 order (Doc. No. 6) which ordered, in pertinent part, that respondent "shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court." (*Id.* at 1.) For the reasons below, the court will deny respondent's motion.

In its answer to petitioner's petition, respondent provides the declaration of Deportation Officer Moradi Kouchi who declares as follows. (Doc. No. 8-1.) On May 24, 2018, petitioner was ordered removed to Egypt by an immigration judge and was also granted withholding of removal to Egypt. (*Id.* at ¶ 9.) On April 2, 2026, petitioner's travel documents for third country removal to Equatorial Guinea were received. (*Id.* at ¶ 11.) Petitioner is currently manifested for a charter flight on April 28, 2026 and therefore must be transferred no later than April 18, 2026 for

1

petitioner to be on that flight.  (*Id.*)  Respondent moves to lift the stay on petitioner's transfer to permit this removal and argues only that a failure to do so would "have the effect of halting the execution of a removal order[]" which this court, according to respondent, lacks the jurisdiction to do under Title 8 U.S.C. § 1252(g).  (Doc. No. 7 at 1–2.)

In his opposition, petitioner argues that the stay should be maintained to address petitioner's third-country removal claims.  Specifically, petitioner contends that respondents have not and will not comply with due process requirements for third-country removal prior to that removal.  (Doc. No. 12 at 3–4.)  During the April 17, 2026 hearing on the pending motion, petitioner's counsel represented that petitioner will file a first amended petition to present these due process claims.

In light of the emergency nature of the pending motion, the court considers only respondent's argument that this court lacks jurisdiction to hear a due process challenge to third country removal where such consideration would delay said third country removal.[1]  The Ninth Circuit has recently addressed a similar question of whether a district court had jurisdiction over FTCA claims that were based upon the third-country removal of the plaintiff without due process of law and held as follows:

> The government argues that Ibarra-Perez's FTCA suite, objection to his removal to Mexico by ICE, falls "squarely" within § 1252(g).  In the government's view, Ibarra-Perez's objection to his removal to Mexico is a challenge to "execution" of a removal order within the meaning of § 1252(g).  We disagree.
>
> Ibarra-Perez raises purely legal arguments in challenging his removal.  He does not contend that ICE was categorically forbidden to remove him to Mexico.  Rather, he contends that he had a right to meaningful notice and an opportunity to present a fear-based claim before he was removed to Mexico.  . . .  Ibarra-Perez alleges that in removing him to Mexico, ICE officials violated the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act ("INA"), and international law.  . . .
>
> Ibarra-Perez does not challenge ICE's discretionary authority to decide "when" or "whether" to execute a removal order.  He does not claim, for example, that ICE should have delayed his removal or exercised its discretion not to remove him.  Instead, he challenges

---

[1]  The court does not decide what, if any, further due process protections petitioner is entitled to prior to third country removal because that issue is not properly before the court at this time.

> ICE's separate decision about where to send him. His removal order designated Cuba as his country of removal and did not list an alternative country of removal. Because Mexico was not mentioned in the order of removal, Ibarra-Perez does not challenge the "execution" of his removal order.
>
> There is a reason the Supreme Court has instructed that the jurisdictional bar of § 1252(g) is narrow, applying "only to three discrete actions the Attorney General may take: her 'decision or action' to commence proceedings, adjudicate cases, or execute removal orders." The government's broad reading of § 1252(g) would lead to a result that is not contemplated in the statute and that has been disavowed by the Supreme Court. The government's reading of § 1252(g) would entirely insulate from judicial review any post-hearing decision by ICE to remove noncitizens to third countries where they would be in danger of persecution, torture, and even death.

*Ibarra-Perez v. United States*, 154 F.4th 989, 996–97 (9th Cir. 2025). Indeed, the undersigned has previously observed that several district courts in the Ninth Circuit have found that due process challenges to the processes governing third country removal are not barred by § 1252(g). *See Yang v. Kaiser*, No. 2:25-cv-022025-DAD-AC (HC), 2025 WL 2791778, at *1 n.4 (E.D. Cal. Aug. 20, 2025) (collecting cases). Since then, several district courts in the Ninth Circuit have similarly found that § 1252(g) does not strip the district courts of jurisdiction to consider due process challenges to third country removal. *See, e.g., Guerra v. Blanche*, No. 2:26-cv-00498-GMN-MDC, 2026 WL 949027 (D. Nev. Apr. 7, 2026) (citing *Ibarra-Perez*, 154 F.4th at 996–97); *see also A.A.M. v. Andrews*, — F. Supp. 3d —, 2025 WL 3485219, at *5–6 (E.D. Cal. Dec. 4, 2025) ("While this court does not have jurisdiction to review the Immigration Judge's final removal order deeming Petitioner removable but withholding his removal to Somalia, this court has jurisdiction to review . . . Respondents' attempt to remove him to Cameroon, for which there exists no final removal order."); *Qu v. Mullin*, No. 5:26-cv-01302-CAS-AGR, 2026 WL 836681, at *3 (C.D. Cal. Mar. 26, 2026) ("[T]he Court also has jurisdiction to review Petitioner's claims to enjoin his removal to a third country."); *see also Duong v. Noem*, — F. Supp. 3d —, 2025 WL 3268414 (S.D. Cal. Nov. 24, 2025) (finding that the court had jurisdiction to determine whether the petitioner may be removed to a third country with the process she was already provided).

Because the weight of authority in the Ninth Circuit supports a finding that this court would have jurisdiction to consider petitioner's anticipated due process challenge to his third

country removal, the court rejects respondent's argument.  Because the only argument that respondent raises in its motion is that the court lacks jurisdiction to maintain the stay, the court will deny respondent's motion.

For the reasons above,

1.   Respondent's motion to lift stay of transfer (Doc. No. 7) is DENIED;

2.   The court ORDERS respondent to not transfer petitioner Mohey Soliman, A-File No. 047-145-027, to another detention center outside of this judicial district, or otherwise remove petitioner to a designated third country other than the country identified in his final removal order, Egypt, pending further order of the court;

3.   Petitioner is DIRECTED to file a first amended petition for writ of habeas corpus asserting his anticipated due process challenge to third country removal within ten (10) days of the date of entry of this order; and

4.   This action is REFERRED back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **April 17, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4